UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.<br>3:05cr251 (SRU) |
| ROBERT LEE EVANS | |

### RULING ON MOTION TO RE-WEIGH CRACK COCAINE

On June 16, 2006, a jury convicted Robert Lee Evans of one count of intentionally possessing with intent to distribute more than five grams of a mixture or substance containing a detectable amount of cocaine base ("crack"). The jury acquitted Evans of a second charge of knowingly using or carrying a firearm during and in relation to, or possessing in furtherance of a drug trafficking crime. On October 11, 2006, Evans filed a motion requesting an order to have the government re-weigh the crack attributed to Evans. He argues that, because the weight attributable to Evans, 35.2 grams, is so close to 35 grams, the threshold between two different offense levels pursuant to the United States Sentencing Guidelines ("U.S.S.G."), I should order the government to re-weigh the evidence. Because Evans has not raise a "reasonable dispute" regarding the weight of the drugs, Evans's motion is denied.

Evans raises what is, in effect, a disputed factual matter for purposes of sentencing. In *United States v. Garcia*, 900 F.2d 571, 574 (2d Cir. 1990), the Second Circuit held: "When nothing is presented to raise . . . a 'reasonable dispute' over the weight of the drugs, a district court does not abuse its discretion by refusing to order a reweighing." The Court reasoned that there could be instances in which a disputed factual matter would require a more searching inquiry by the district court, but that in those instances the defendant would, in the first instance, need to present some type of evidence or argument to raise a "reasonable dispute." *See id.*

Here, Evans does not present any reason why the crack should be re-weighed. In his motion to re-weigh the crack, Evans does not cite any case law, facts, or even speculation that would suggest that re-weighing is necessary here. *See* doc. # 100. Indeed, Evans has not provided any basis for the motion other than the fact that the weight happens to be .2 grams away from the threshold between two offense levels. "Simply being close to the line [does] not create a 'reasonable dispute,' and it certainly [does] not automatically require a reweighing of the drugs." *Garcia*, 900 F.2d at 575.

In *Garcia*, the defendant argued that the police chemist "rounded up" to the nearest tenth of a grain. *Id.* In that case, the weight attributed to the defendant exceeded the threshold weight separating two different offense levels in the U.S.S.G. by only 9.3 milligrams. Nevertheless, in *Garcia*, the Court held that there was no "reasonable dispute" concerning the weight of the drugs. In contrast, in this case, Evans has not even argued that the Drug Enforcement Agency ("DEA") chemist "rounded up," or that there is any other factual basis for asserting that the weight of drugs attributed to Evans is inaccurate. Moreover, the amount at issue here is .2 grams, which converts to 200 milligrams, a significantly greater disparity than the one presented in *Garcia*.

Evans filed his motion to re-weigh the crack on October 11, 2006, nearly four months after trial. At trial, the DEA chemist, Ken Fuentecilla testified regarding the amount of crack attributed to Evans with no objection by Evans. Evans presents no basis for re-weighing the crack, other than the fact that the weight is relatively close to the threshold separating two offense levels; that is not enough to require the government to re-weigh the crack. *See Garcia*,

900 F.2d at 575.

Evans's Motion Requesting Order to Have Government Re-Weigh Evidence Seized (**doc. # 100**) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1st day of February 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge